# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| CLOUD SYSTEMS HOLDCO IP, LLC | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:25-CV-0712-S-BT |
| | § | |
| RGB SYSTEMS, INC. | § | |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Defendant RGB System, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion") [ECF No. 34]. The Court has reviewed the Motion, Plaintiff Cloud Systems Holdco IP, LLC's Response to the Motion ("Response") [ECF No. 35], Defendant's Reply in Support of the Motion ("Reply") [ECF No. 37], and the applicable law. For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion.

## I. BACKGROUND

Plaintiff, a non-practicing entity, owns U.S. Patent No. 10,367,912 (the "'912 patent"), entitled "System and Method for Automating the Management, Routing, and Control of Multiple Devices and Inter-Device Connections." Pl.'s First Am. Compl. ("FAC") ¶¶ 7, 15 [ECF No. 28]. According to Plaintiff, the '912 patent is directed to "novel and improved systems and method[s] for controlling, routing, and managing data among multiple devices that are sources or consumers of streaming data and control devices within a given environment in a hardware independent manner." *Id.* ¶ 8. Defendant allegedly maintains, operates, and administers the "Extron Control System," which Defendant offers and sells to customers to manage and control connected audiovisual devices within an environment. *Id.* ¶ 11. Plaintiff alleges that Defendant's Extron Control System infringes one or more claims of the '912 patent. *Id.* ¶¶ 9-14.

Plaintiff initiated this action against Defendant on March 25, 2025, asserting claims for direct and indirect infringement of the '912 patent. *See* Pl.'s Original Compl. for Pat. Infringement ("Original Complaint") [ECF No. 1]. Defendant moved to dismiss the Original Complaint under Rule 12(b)(6). *See* Def.'s Mot. to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [ECF No. 21]. In response, Plaintiff filed the First Amended Complaint ("FAC"), which amends the claim chart attached to the Original Complaint to add Claim 1 of the '912 patent, "[a]n apparatus for controlling an environment[.]" *See* FAC Ex. B, at 3. The FAC also revises the claim chart for Claim 10, "[a] method of controlling an environment[.]" *Id.* Otherwise, the FAC asserts the same claims as the Original Complaint. Thereafter, Defendant moved to dismiss all of Plaintiff's infringement claims on the same grounds asserted in its first motion to dismiss. *See generally* Mot.

## II. LEGAL STANDARD

Issues that are unique to patent law are governed by Federal Circuit precedent. *See Woods v. DeAngelo Marine Exhaust Sys., Inc.*, 692 F.3d 1272, 1279 (Fed. Cir. 2012). Courts, however, apply the law of the regional circuit when deciding whether to grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) in a patent case. *See Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) ("We review procedural issues, including the grant of a motion to dismiss, according to the law of the respective regional circuit[.]").

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must accept well-pleaded facts as true and

view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007). However, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

In ruling on a Rule 12(b)(6) motion, the court limits its review to the face of the pleadings. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). The ultimate question is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). At the motion to dismiss stage, the Court does not evaluate the plaintiff's likelihood of success. It only determines whether the plaintiff has stated a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977).

Dismissal of a patent infringement claim is appropriate when "the plaintiff merely recites that the defendant infringes a claim limitation but fails to identify the parts of the allegedly infringing instrumentality that perform the limitation or allege how the identified parts meet the text of the limitation." *Soar Tools, LLC v. Mesquite Oil Tools, Inc.*, No. 5:19-CV-243-H, 2021 WL 3030066, at *4 (N.D. Tex. July 2, 2021). Further, "[i]n ruling on a 12(b)(6) motion, a court need not 'accept as true allegations that contradict matters properly subject to judicial notice or by exhibit,' such as the claims and the patent specification." *Aatrix Software, Inc. v. Green Shades*

*Software, Inc.*, 890 F.3d 1354, 1358 (Fed. Cir. 2018) (quoting *Secured Mail Sols. LLC v. Universal Wilde, Inc.*, 873 F.3d 905, 913 (Fed. Cir. 2017)).

## III. ANALYSIS

### *A. Direct Infringement*

Direct patent infringement occurs when "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States . . . during the term of the patent therefor." 35 U.S.C. § 271(a). A defendant is not liable under § 271(a) for direct infringement unless the accused product embodies a complete patented invention. *See Rotec Indus., Inc. v. Mitsubishi Corp.*, 215 F.3d 1246, 1252 & n.2 (Fed. Cir. 2000). Direct infringement "requires that each and every limitation set forth in a claim appear in an accused product." *LifeNet Health v. LifeCell Corp.*, 837 F.3d 1316, 1325 (Fed. Cir. 2016) (citation omitted).

Defendant contends that Plaintiff's claim for direct infringement fails because Plaintiff does not set forth consistent infringement allegations, particularly as to which product is the "control client." Mot. 3-4. For example, Plaintiff's infringement allegations for Claim 1 appear to allege three different control clients: (1) GVE, (2) TLP Pro 1025T, and (3) IP Link Pro xi control processor. *See* Mot. 3; FAC Ex. B, at 19, 24, 31. Similarly, Plaintiff appears to identify two different control clients in its infringement allegations for Claim 10: (1) TLP Pro 1025T and (2) IP Link Pro xi control processor. *See* Mot. 3; FAC Ex. B, at 50, 57. Defendant argues that Plaintiff's identification of multiple control clients is "internally inconsistent, and therefore not plausible." Mot. 4.

Plaintiff responds by stating that GVE is a "[s]erver-side software that generates the user interface" and is "never claimed as the control client itself." Resp. 6-7. Instead, Plaintiff explains that the "actual control client device" is the TLP Pro 1025T, which is a "wall/tabletop touch panel

that receives and displays the interface generated by GVE." *Id.* at 7. Plaintiff further contends that the IP Link Pro xi control processor is a "network integration component that facilitates communication between the control client and the system – not a replacement for the control client but a complementary component enabling system-wide communication." *Id.* at 7.

The parties dispute, at a minimum, the proper construction of the terms "control client" and "control client web application." As Defendant notes, the technology in this case is not simple. Reply 4. The Federal Circuit has expressly cautioned that "[s]ome case-specific circumstances can make it improper for a district court to resolve a claim construction dispute in the context of adjudicating a Rule 12(b)(6) motion[.]" *UTTO Inc. v. Metrotech Corp.,* 119 F.4th 984, 994 (Fed. Cir. 2024). The 12(b)(6) inquiry considers whether the complaint alleges facts sufficient to support a cognizable legal theory. FED. R. CIV. P. 12(b)(6). Claim construction, by contrast, "is a matter of resolution of disputed meanings and technical scope, to clarify and when necessary to explain what the patentee covered by the claims, for use in the determination of infringement." *02 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008) (citation omitted). The process generally involves the parties proposing definitions, submitting claim construction briefs, and presenting evidence and arguments at a *Markman* hearing. *See Alza Corp. v. Wyeth*, No. 9:06-CV-156, 2006 WL 3500015, at *2 (E.D. Tex. Nov. 21, 2006). Accordingly, "[m]any courts have declined to construe patent claims at the motion to dismiss stage, reasoning that claim construction is connected to the merits of a case." *H-W Tech., L.C. v. Amazon.com, Inc.*, No. 3:11-CV-0651-G, 2013 WL 3146777, at *4 (N.D. Tex. June 20, 2013).

Although the parties have submitted claim construction briefs, the Court has not scheduled a *Markman* hearing. The Court therefore declines to adopt either party's preferred construction of "control client" or "control client web application" to resolve this case on a Rule 12(b)(6) motion.

Accordingly, the Court denies without prejudice the Motion as to Plaintiff's claim for direct infringement.

*i. Direct Infringement Under Vicarious Liability and "Use of a System" Theories*

To the extent Plaintiff asserts direct infringement claims under vicarious liability or "use of a system" theories, Plaintiff fails to substantively defend those claims. In the Fifth Circuit, "[w]hen a plaintiff fails to defend a claim in response to a motion to dismiss . . . , the claim is deemed abandoned." *Arias v. Wells Fargo Bank, N.A.*, No. 3:18-CV-00418-L, 2019 WL 2770160, at *2 (N.D. Tex. July 2, 2019); *see Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (holding that, although plaintiff tried to establish a claim in her complaint, she abandoned that claim because she did not defend it in her response to defendant's motion to dismiss and so "fail[ed] to pursue this claim beyond her complaint[, which] constituted abandonment").

Plaintiff's direct infringement claims based on vicarious liability and "use of a system" theories fail because Plaintiff did not meaningfully respond to Defendant's Rule 12(b)(6) challenge. While the Response states that "[d]irect infringement of the method claim by Defendant is established because Defendant infringes vicariously by profiting from its customers' use of the Defendant's system," Resp. 4, the Response fails to rebut Defendant's arguments regarding the required agency or contractual relationship, Mot. 5-6 (citing *Centillion Data Sys., LLC v. Qwest Commc'ns Int'l, Inc.*, 631 F.3d 1279, 1287 (Fed. Cir. 2011)). Plaintiff also does not rebut or address Defendant's arguments concerning the "use of a system" theory. Accordingly, Plaintiff has abandoned its claims for direct infringement of the method and apparatus claims under vicarious liability and "use of a system" theories. The Court dismisses those claims with prejudice.

### *B. Contributory Infringement*

The Response does not address Defendant's Rule 12(b)(6) challenge to Plaintiff's contributory infringement claim. Accordingly, Plaintiff's claim for contributory infringement is deemed abandoned. *See Arias*, 2019 WL 2770160, at *2.

Even if Plaintiff did not abandon its contributory infringement claim, that claim fails for the reasons Defendant identifies. "Contributory infringement occurs if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that 'material or apparatus' is material to practicing the invention, has no substantial non-infringing uses, and is known by the party 'to be especially made or especially adapted for use in an infringement of such patent.'" *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012) (superseded on other grounds) (quoting 35 U.S.C. § 271(c)). Thus, to state a claim for contributory infringement, Plaintiff must, among other things: (1) identify the "material or apparatus for use in practicing [the] patented process" that is sold or offered for sale by Defendant and (2) "plead facts that allow an inference that [these] components . . . have no substantial non-infringing uses." *Id.* Here, the FAC contains no allegations from which the Court can plausibly infer that the components sold have "no substantial non-infringing uses." Accordingly, Plaintiff's contributory infringement claim fails because Plaintiff abandoned the claim and, in any event, failed to state a claim. The Court therefore dismisses this claim with prejudice.

### *C. Pre-Suit Willful & Indirect Infringement*

Plaintiff appears to assert claims for pre-suit willful infringement and pre-suit indirect infringement. FAC 4-7. Defendant argues that both claims fail because Plaintiff does not plausibly allege that Defendant knew of the '912 patent *and* the alleged infringement before the suit was filed. Mot. 8-9 (citing *BillJCo, LLC v. Apple Inc.*, 583 F. Supp. 3d 769, 774, 777 (W.D. Tex. 2022);

*Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011); 35 U.S.C. § 271(c)). Plaintiff did not address or defend against Defendant's arguments regarding pre-suit knowledge in its Response. Thus, the Court concludes that Plaintiff failed to pursue its pre-suit claims beyond the FAC, which constitutes abandonment. *See Arias*, 2019 WL 2770160, at *2. And even if Plaintiff did not abandon these claims, Plaintiff's allegations that "Defendant has known of the '912 patent and the technology underlying it from at least the issuance of the patent," FAC ¶¶ 12, 13, are conclusory and do not meet the standards of *Twombly* and *Iqbal*. The Court therefore dismisses with prejudice Plaintiff's claims for pre-suit willful and indirect infringement.

### *D. Opportunity to Amend*

Plaintiff requests leave to amend its pleadings if the Court determines that the patent infringement claims are insufficiently pleaded. Resp. 9. The Court previously vacated the scheduling order entered in this case. *See* ECF No. 50. Therefore, Federal Rule of Civil Procedure 15(a) applies. Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." Whether to permit amendment is within the district court's sound discretion. *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). "The court may deny leave to amend . . . if the defects are incurable or the plaintiff[] ha[s] already alleged their best case." *Pierce v. Hearne Indep. Sch. Dist.*, 600 F. App'x 194, 200 (5th Cir. 2015) (citation omitted).

The Court will not allow Plaintiff to amend claims dismissed with prejudice. To the extent the Court does not dismiss a claim with prejudice, however, the Court will allow Plaintiff to amend its pleadings after the Court issues its claim construction order.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant RBG Systems, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint Pursuant

to Fed. R. Civ. P. 12(b)(6) [ECF No. 34]. The Court **GRANTS** the Motion as to Plaintiff's claims for direct infringement of the method claim under a vicarious liability theory; direct infringement of the method claim under a "use of a system" theory; direct infringement of the apparatus claim under a "use of a system" theory; contributory infringement; pre-suit willful infringement; and pre-suit indirect infringement. Those claims are **DISMISSED WITH PREJUDICE**. With respect to all other claims asserted by Plaintiff, the Court **DENIES** the Motion.

**SO ORDERED.**

SIGNED September 28, 2026.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**